**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUCONNECT COMMUNICATIONS, INC., a California corporation, | No. 24-3297 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-01933-AB-AS |
| v. | MEMORANDUM[*] |
| RACHEL PETERSON, in her official capacity as Executive Director of the Public Utilities Commission of the State of California and in her individual capacity, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Submitted February 14, 2025[**]
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TruConnect Communications, Inc., appeals the district court's order granting Rachel Peterson's motion to dismiss its operative Second Amended Complaint (SAC) under Rule 12(b)(6) of the Federal Rules of Civil Procedure without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

TruConnect's Fifth Amendment Takings Clause claims fail because TruConnect has not plausibly alleged that it has a property interest in the federal funds for which it seeks reimbursement in the form of Lifeline activation fees or Emergency Broadband Benefit (EBB) monthly service fees. An eligible telecommunications carrier, as defined in the regulations, is entitled to funds under the state-administered Lifeline program if it meets specified criteria. *See* 47 C.F.R. § 54.403(a)(1). A participating provider, as defined in the regulations, is entitled to EBB reimbursement funds if it meets specified criteria. *See id.* §§ 54.1602(a), 54.1601(a)–(c), 54.1600(e); 47 U.S.C. § 214(e)(2). TruConnect does not allege that it has met all the criteria for either program, and the SAC and judicially noticeable documents are to the contrary. The SAC alleges that the state commission notified TruConnect that its EBB plan required additional approval but does not allege that TruConnect received such approval during the relevant time period. Additionally, commission decisions and filings, which we may consider, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir.

2

2018), make clear that TruConnect did not have the required state commission approval for the 2015 Lifeline activation fees or the 2021 EBB reimbursements. Because the SAC does not allege that TruConnect meets the criteria for entitlement to federal funds, the SAC does not plausibly allege that TruConnect has a Fifth Amendment property interest in such funds. *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1002–04 (9th Cir. 2007) (the Takings Clause does not protect contingent interests), *aff'd*, 553 U.S. 591 (2008). Absent a property interest, TruConnect has no Fifth Amendment claims. *Peterson v. U.S. Dep't of Interior*, 899 F.2d 799, 813 (9th Cir. 1990).

TruConnect's First Amendment retaliation claim fails because Peterson is entitled to qualified immunity. TruConnect fails to identify clearly established law holding that in 2020 and 2022, when Peterson issued data requests to TruConnect, a public utilities commissioner could not send such data requests to a regulated carrier in retaliation for the carrier filing lawsuits against the state commission and lobbying the Legislature to restrain the commission's power. *See Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 729 (9th Cir. 2022) (the right to be free from First Amendment retaliation "must be defined at a more specific level tied to the factual and legal context of a given case"); *see also Moore v. Garnand*, 83

3

F.4th 743, 752–53 (9th Cir. 2023) (holding in 2023 that it was not clearly established that a retaliatory criminal investigation violated the First Amendment).

The district court did not abuse its broad discretion in denying leave to amend. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). TruConnect had previously amended its complaint twice, and though the district court did not state its reasons, it is "fairly obvious that denial was based on the futility of amendment" given the district court's reasoned analysis and given the legal flaws in the SAC which are not remediable through better pleading. *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991).

**AFFIRMED.**